# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JAVIER H. ARMENGAU,

    Petitioner,

v.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-1146
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On March 17, 2021, the Magistrate Judge issued an Order granting Petitioner's motion to amend the Petition to add a new claim asserting that his convictions violate *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct. 1390 (2020), holding that the Sixth Amendment's right to a unanimous jury trial applies in state criminal trials. (ECF No. 45.) Respondent has filed an Objection to that Order. (ECF No. 46.) Petitioner also now has filed a Motion to Amend the Petition to include a claim that his conviction(s) and sentence violate *Apprendi v. New Jersey,* 530 U.S. 466 (2000). (ECF No. 44.) Respondent likewise opposes that request. (ECF No. 47.)

For the reasons that follow, the Court finds no error on the part of the Magistrate Judge. Respondent's Objection (ECF No. 46) is **OVERRULED;** Petitioner's Motion(s) to Amend the petition to include claims that his convictions and sentence violate *Ramos* and *Apprendi* (ECF Nos. 41, 44) are **GRANTED.**

Petitioner is **DIRECTED** to file an Amended Petition within twenty-one (21) days.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), this Court conducts a *de novo* standard of review and "may accept, reject, or modify the recommended disposition; receive further evidence; or return

the matter to the magistrate judge with instructions." *Jones v. Bradley*, No. 4:18CV670, 2020 WL 5651272, at *1 (N.D. Ohio Sept. 23, 2020) (citing Rule 72(b)(3) of the Federal Rules of Civil Procedure). "However, an objection to a Report and Recommendation is not meant to simply be a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs." *Id*., at *2 (citing *Roberts v. Warden, Toledo Correctional Inst*., 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010); (additional citation omitted). Further,

> [w]hile a *de novo* standard of review applies to objections to a magistrate judge's ruling on a dispositive matter, this court's review of a magistrate judge's resolution of a nondispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). "A finding [of fact] is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Adams Cty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co*., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). A legal conclusion is contrary to law if it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (quoting *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).

*United States ex rel. Goodman v. Arriva Med*., *LLC*, 471 F. Supp. 3d 830, 836 (M.D. Tenn. 2020). A majority of the courts to consider the issue have concluded that a magistrate judge's order on a motion to amend involves a nondispositive matter, subject to review for clear error. *Ellison v. Clarksville Montgomery Cty. Sch. Sys*., No. 3:17-CV-00729, 2018 WL 998337, at *1 (M.D. Tenn. Feb. 21, 2018) (citing *Hall v. Norfolk S. Ry. Co*., 469 F.3d 590, 595 (7th Cir. 2006); *Hira v. New York Life Ins. Co*., No. 3:12-CV-373, 2014 WL 2177799, at *1 (E.D. Tenn. May 23,

2014) (internal citation omitted); *Weather Underground, Inc. v. Navigation Catalyst Sys., Inc.*, No. 09–10756, 2010 WL 3168618, (E.D. Mich. Aug. 10, 2010)); *Arnold v. Heyns*, No. CV 13-14137, 2017 WL 2805266, at *1 (E.D. Mich. June 29, 2017)).

## II. LAW AND ANALYSIS

Respondent objects to the Magistrate Judge's Order granting Petitioner's Motion to Amend, again arguing that amendment of the Petition to include a claim under *Ramos* would be futile because it is procedurally defaulted and the claim lacks merit because *Ramos* did not constitute clearly established federal law at the time of Petitioner's trial. Respondent similarly opposes Petitioner's request to amend the Petition to include a claim under *Apprendi,* arguing that amendment of the Petition to include this claim would be futile because the claim remains unexhausted and lacks merit.

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend in § 2254 proceedings. *See Hudson v. Sloan,* No. 4:17CV1885, 2018 WL 4055615, at *12 (N.D. Ohio May 11, 2018)*, report and recommendation adopted,* 2018 WL 4052155 (N.D. Ohio Aug. 23, 2018) (citing *Mayle v. Felix,* 545 U.S. 644, 655 (2005) (other citations omitted); *see also* 28 U.S.C. § 2242 (providing that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions). Under Rule 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading with the consent of the opposing party or by leave of the court. Fed. R. Civ. P. 15(a)(2). Where the opposing party objects to the amendment, "[t]he court should freely give leave when justice so requires." *Id.*

The Court of Appeals for the Sixth Circuit has held:

> Under Rule 15(a), leave to amend a pleading shall be freely given when justice so requires. This court has explained the factors that a district court should consider when deciding whether to grant leave to amend. Several elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Shank v. Mitchell*, No. 2:00-CV-17, 2013 WL 3208554, at *3 (S.D. Ohio June 24, 2013) (quoting *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998) (internal quotation omitted).

Here, the Respondent has yet to file the Return of Writ. The record does not reflect bad faith, undue delay or any undue prejudice to the Respondent. Further, Petitioner's proposed amended claims do not appear to be time-barred. Still, Respondent urges the Court to deny Petitioner's requests to amend the Petition with the proposed new claims as futile on the basis that Petitioner's claims are procedurally defaulted, unexhausted, or without merit. "A proposed amendment [] must be frivolous or legally insufficient on its face to warrant denial of leave to amend on that ground." *McNeill v. Bagley*, No. 1:02 CV 1645, 2018 WL 3348876, at *8 (N.D. Ohio July 9, 2018) (citing *Buder v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir. 1981) (a party's motion to amend should be dismissed on the merits "only if [the amendments] assert clearly frivolous claims or defenses"); *see also* 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487, at 637 (3d ed.)).

In view of the lengthy procedural history of the case and the limited record now available, the Court cannot readily determine these issues here. Thus, a more expedient use of judicial resources permits the amendment of the Petition for further development of the record, including the filing of the state court proceedings, the Return of Writ, and the opportunity for full

briefing by the parties. *See, e.g., Bowling v. Warden, London Corr. Inst.*, No. 1:12-CV-183, 2013 WL 3278879, at *4 (S.D. Ohio June 27, 2013) (recognizing that the petitioner faces a "significant hurdle" to establishing a basis for relief but allowing the amendment rather than holding that it would be futile so as to make the determination upon a fully developed record). The Court's ruling in no way forecloses further argument on whether Petitioner's claims will provide him a basis for relief. Moreover, in view of the "conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile," the Magistrate Judge did not err in granting Petitioner's motion to amend for a later determination on Respondent's arguments regarding futility. *See McClendon v. North Carolina Mutual Life Insurance Co.,* No. 3:17-cv-0404, 2018 WL 10152457, at *6 (M.D. Tenn. Sept. 18, 2018) (citing *Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (citation omitted); *Fontana v. Apple, Inc.,* No. 2:18-0019, 2018 WL 1535466, at *2 (M.D. Tenn. Mar. 29, 2018)).

### III.   CONCLUSION

Accordingly, Respondent's Objection (ECF No. 45) is **OVERRULED**. Petitioner's Motion(s) to Amend (ECF Nos. 41, 44) are **GRANTED.**

Petitioner is **DIRECTED** to submit an Amended Petition within twenty-one (21) days.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　
**DATED: May 18, 2021**　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**