# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JAVIER H. ARMENGAU,

               Petitioner,           :     Case No. 2:19-cv-1146

    - vs -                          Chief Judge Algenon L. Marbley
                                        Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                            :
               Respondent.

---

# ORDER

---

This habeas corpus case is before the Court upon transfer of the Magistrate Judge reference to the undersigned from The Honorable Elizabeth A. Preston Deavers (ECF No. 59). The case was transferred to help balance the Magistrate Judge workload in the District.

Upon review of the docket, the Magistrate Judge finds that Petitioner presently has a deadline for filing a second amended petition of June 8, 2021 (ECF No. 56). That document must be complete in itself[1], containing all the claims made in the Amended Petition (ECF No. 7) and claims under *Ramos v. Louisiana*, 590 U. S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), permitted to be added by Chief Judge Marbley's Order of May 18, 2021 (ECF No. 56).

---

[1] That is, not incorporating any other document or parts of a document by reference.

Not later than twenty-one days after the second amended petition is filed, Respondent shall file an amended return of writ, also complete in itself.  Not later than twenty-one days after the amended return is filed, Petitioner shall file an amended reply, also complete in itself.  The Magistrate Judge's purpose is to obtain a set of pleadings (second amended petition, amended return, amended reply) which present all the parties' arguments and make the case ripe for decision.

At or before the time when the amended return is filed, Respondent shall re-file a complete State Court Record conforming to Rule 5 of the Rules Governing § 2254 Cases.  In re-filing the Record, Respondent shall take care to comply with § 1.1 of the Court's CM/ECF User's Guide which provides:

> Unless permitted by these procedures or otherwise authorized by the assigned Judicial Officer or other rule, all documents submitted for filing in this District shall be electronically filed using the Case Management/Electronic Case Filing system ("CM/ECF") by converting each document into **a searchable text PDF document** and uploading it into CM/ECF.

(CM/ECF User's Guide, rev. 07/2019, available at www.ohsd.uscourts.gov).  The State Court Record as presently filed (ECF No. 10) does not comply.  The copy of the State Court Record that Respondent serves on Petitioner shall include the CM/ECF headers to permit Petitioner top comply with the Court's pinpoint citation rule, S. D. Ohio Civ. R. 7.2(b)(5).  See text *infra*.

The Magistrate Judge notes that many of Petitioner's filings are accompanied by attachments Petitioner obviously intends for the Court to consider in deciding this case.  For example, the Reply as presently filed has attached what are labeled Exhibits G through R, comprising over two hundred pages (ECF No. 54, PageID 7222-7424).  Some of these documents are properly part of the State Court Record and Respondent should consider whether they should be included in the amended State Court Record ordered here.  Some of the documents consist of

copies of opinions in decided cases. These should not be filed as exhibits in the case, but cited in any pleading or motion as provided in S. D. Ohio Civ. R. 7.2(b).

The third class of documents filed as exhibits are documents from other cases and other materials outside the State Court Record. Petitioner has filed these documents without seeking or obtaining the Court's permission to expand the record under Rule 7 of the Rules Governing § 2254 Cases. The Court will not consider these documents as presently filed. Should Petitioner wish to seek leave of court under Rule 7 to re-file these documents or to file others, the motion shall explain how the documents can be considered in light of *Cullen v. Pinholster*, 563 U.S. 170 (2011).

As to all future filings, the attention of the parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations.** Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

(S.D. Ohio Local Rules, also available at www.ohsd.uscourts.gov.) Compliance with this Rule is required to allow the CM/ECF filing system to hyperlink filed motions, memoranda etc., to the record in the case.

On October 18, 2020, Petitioner filed a Motion to Lift Stay which he filed in his own name (ECF No. 32). Magistrate Judge Deavers struck the Motion because it represented an attempt for Petitioner to proceed with hybrid representation, that is, both *pro se* and with counsel[2]. She directed Petitioner to "advise the Court within fifteen (15) days where [sic; "whether" plainly intended] he intends to proceed *pro se* or through the representation of counsel. If Petitioner

---

[2] She noted that Attorney John Gonzales had entered his appearance on April 5, 2019, appearance as "cocounsel along with pro-se Petitioner, Javier Armengau, in this matter."

chooses to continue on a *pro se* basis, Counsel contemporaneously shall file a motion to withdraw." (ECF No. 33, PageID 6626.)

In response Armengau filed *pro se* his Notice Regarding Representation (ECF No. 35). He argues that at that point he had been imprisoned for more than six years for crimes he did not commit and attributes this to prosecutorial and judicial bias against him. *Id.* at PageID 6628-29. He alleges that he needs assistance of counsel to combat that bias and also to obtain documents. He asks that hybrid representation be allowed, but says he has no funds to compensate counsel; he does not seek appointment of counsel under the Criminal Justice Act. Finally, he says that if hybrid representation is not permitted, he will continue *pro se*. *Id.* at PageID 6631.

For the reasons given by Judge Deavers in her Order, the Magistrate Judge finds Armengau has not overcome the rule against hybrid representation. Neither the undersigned nor Chief Judge Marbley is subject to the political pressures which Armengau hypothesizes may have caused his conviction and its affirmance.

Despite having presided over criminal cases in Ohio for more than forty years, the undersigned has never met Petitioner or presided over a case in which he was counsel.[3] Petitioner's name came to the attention of the undersigned for the very first time in the recent habeas corpus case of a former client of his, Vincent White (Case No. 2:17-cv-325). White's present counsel accused Armengau of providing ineffective assistance of trial counsel to White. However, such accusations are the common fate of even the best criminal defense counsel. The undersigned formed no adverse opinion of Armengau because of his representation of White and recommended the ineffective assistance of trial counsel be dismissed, a recommendation which

---

[3] The Court's records reflect Armengau has appeared as counsel for a number of criminal defendants in this Court, but never before the undersigned.

has now been adopted by District Judge Graham[4].

Since that filing on November 4, 2020, Armengau has in fact proceeded *pro se*. Despite Judge Deavers' Order, Attorney Gonzales has not filed a motion to withdraw. To make the record clear, it is hereby ORDERED that Attorney Gonzales' Notice of Appearance (ECF No. 6) be STRICKEN because he purports to appear in a capacity not permitted by this Court's Trial Attorney rule. The Court of course has no objection to Attorney Gonzales' continuing to provide assistance to Petitioner, either *pro bono* or on a fee basis. However, he may not file documents in the case in the absence of his re-entering an appearance as Trial Attorney. The Clerk shall amend the docket to show that Petitioner is proceeding *pro se* and provide a copy of this order to Attorney Gonzales.

The docket continues to reflect the case as stayed, but Magistrate Judge Deavers has dissolved that stay (ECF No. 40). The Clerk shall forthwith removed the stay flag from the docket.

May 27, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[4] The *White* case was before this Court on remand from the Sixth Circuit. Judgment was entered only on May 20, 2021, and the undersigned expects the case to be appealed again.