IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JAVIER H. ARMENGAU,

        Petitioner,    :    Case No. 2:19-cv-1146

- vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

    :
    Respondent.

## DECISION AND ORDER DENYING MOTION FOR BAIL PENDING HABEAS CORPUS PROCEEDINGS

This habeas corpus case is before the Court on Petitioner's Motion for Release on Bail Pending Resolution of Habeas Proceedings (ECF No. 85). Respondent opposes the Motion (ECF No. 87) and Petitioner has filed a Reply in support (ECF No. 88). This is a pre-trial non-dispositive matter on which an assigned Magistrate Judge has authority to rule in the first instance, subject to objection.

A district court has authority to enlarge a state prisoner pending determination of his or her petition for writ of habeas corpus under 28 U.S.C. § 2254. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964). However, it is appropriate to exercise that authority only upon a showing that a petitioner's claim is both substantial and clear on the merits. *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on

> the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); see *Martin v. Solem,* 801 F.2d at 329-330; *Iuteri v. Nardoza*, 662 F.2d at 161.  There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

Petitioner proclaims, as he has repeatedly done in this case, that he is actually innocent (ECF No. 85, PageID 12347).   Indeed, he asserts the case is so clear that "there is little, if any, reasonable doubt that state and federal law never allowed for Petitioner's convictions to stand." *Id.*  Although Petitioner has made what is usually referred to as a "free standing" claim of actual innocence, neither the Supreme Court nor the Sixth Circuit has recognized such a claim as cognizable in habeas corpus.  A claim of actual innocence alone is insufficient to warrant habeas relief. *Herrera v. Collins*, 506 U.S. 390 (1993).  "A claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010).

> Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2003), and *Staley v. Jones*, 239 F.3d 769, 780, n.12 (6th Cir. 2001). The Supreme Court has twice suggested that a "truly persuasive demonstration" of actual innocence would render a petitioner's execution unconstitutional. *Herrera v Collins,* 506 U.S. 390, 417 (1993); *House v. Bell*, 547 U.S. 518 (2006).

*Raymond v. Sheets*, 2012 U.S. Dist. LEXIS 160374, *26-27 (S.D. Ohio Nov. 8, 2012); *Stojetz v. Ishee*, 2014 U.S. Dist. LEXIS 137501 *185-86 (S.D. Ohio Sept. 24, 2014)(Frost, D.J.).  The

Supreme Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In contrast, a large part of Petitioner's argument, at least as the Magistrate Judge understands it at this stage, is that whatever wrongful conduct the witnesses testified to that occurred in Marion, Ohio, is not a crime because the indictment alleged all the criminal sexual abuse occurred in Franklin County, Ohio. Although Petitioner continues to insist that he has never committed a crime in his life, his claim is one of legal insufficiency.

This case is ripe for decision. Because the merits of a habeas petition are a dispositive matter under the Magistrates' Act and the case has been referred under 28 U.S.C. § 636(b)(1)(B), the assigned Magistrate Judge is required to submit proposed findings of fact and recommendations for disposition to the assigned District Judge. *Id.* Petitioner's Traverse in this case (ECF No. 77), is 226 pages long, followed by a thirty-three page summary which cites 537 cases. Petitioner himself acknowledges he has cited "perhaps an overwhelmingly and repetitive amount of state and federal case law. . ." (Motion, ECF No. 85, PageID 14237). In addition to that body of case law, the State Court Record in this case is over 6,000 pages long (ECF No. 72). It will take the Magistrate Judge some considerable time to analyze this mass of digitized paper and prepare a report which meets the standard of the Magistrate's Act and of this Court. Regardless of the Magistrate Judge's conclusion, it will take Chief Judge Marbley some time to deal with objections, which are likely whatever the undersigned recommends. If at the end of that process the Petitioner's right to relief is as clear as he believes it to be, hopefully the Magistrate Judge, Chief Judge Marbley, and the Sixth Circuit will concur. But Petitioner is not entitled in the midst of the process to the release he will obtain if he prevails.

Faced with a five-page opposition to his Motion for Bail, Petitioner seems to be unable to resist the temptation to write, again, at length on the merits of his case; his Reply Memorandum is twenty

pages long.  As has happened before, his Reply Memorandum is laced with *ad hominem* attacks on both the Assistant Attorney General defending this case and on the Court.

> "Respondent's counsel appears to telegraph their reliance on the magistrate's prosecutorial alliance." (Reply Memo, ECF No. 88, PageID 14254).

> "[P]rosecutors will say anything, no matter how absurd . . . *Id.* at PageID 14255.

> "Respondent's only hope in this case is for the magistrate and judge to ignore the law, which they themselves have previously confirmed in a multitude of decisions; Petitioner recognizes this possibility, if not probability." *Id.* at PageID 14256.

> "Evidently this assistant attorney general recognizes she doesn't need facts or law, just a willing magistrate." *Id.* at PageID 14260.

In his filing in this case, Petitioner has frequently touted himself as a highly-successful criminal defense attorney.  Indeed he claims to be a victim of prosecutorial misconduct because of that's success.  The Magistrate Judge highly doubts that one of Petitioner's successful moves in getting hic clients a favorable bond decision was making *ad hominem* attacks on the court before whom he was appearing.  In any event, such attacks are a violation of the Court's Statement of Civility in the Local Rules and Petitioner is strongly advised to stop.

**Conclusion**

Petitioner's Motion for Release on Bail Pending Resolution of Habeas Proceedings (ECF No. 85) is DENIED.

October 14, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
