# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JAVIER H. ARMENGAU,          :
                               :
           **Petitioner,**      :    **Case No. 2:19-cv-1146**
                               :
   - vs -                     :    **Chief Judge Algenon L. Marbley**
                               :    **Magistrate Judge Michael R. Merz**
                               :
**WARDEN, London**              :
  **Correctional Institution,**   :
                               :
                               :
           **Respondent.**     :

# OPINION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Javier Armengau, is before the Court on Petitioner's Objections (ECF No. 91) to the Magistrate Judge's Decision and Order (ECF No. 90) denying Petitioner's Motion for Release on Bail pending the outcome of these proceedings (ECF No. 85).

A motion for bail is a nondispositive pretrial matter properly within the decisional authority of an assigned Magistrate Judge. Although disagreeing with the results, Petitioner does not deny Magistrate Judge Merz had authority to decide the Motion in the first instance. A District Judge reviews a Magistrate Judge's decision on a nondispositive matter and must set aside any portion of the decision that is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a).

The Sixth Circuit has announced the following standard for considering bail in a habeas corpus case:

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and

> deserving of special treatment in the interests of justice." *Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); *see Martin v. Solem*, 801 F.2d at 329-330; *Iuteri v. Nardoza,* 662 F.2d at 161. There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). The Magistrate Judge relied on *Dotson* in denying bail and Petitioner does not deny that it is the relevant precedent.

In objecting to the Magistrate Judge's Decision Petitioner emphasizes that, in his opinion, his case for relief is very clear. As the Magistrate Judge pointed out, the State Court Record in this case is over 6,000 pages long and Petitioner's Traverse alone is over 200 pages with more than 500 case citations (Decision, ECF No. 89, PageID 12476). Whether Petitioner is entitled to habeas corpus relief will depend on the Court's analysis of that extensive body of material. Petitioner's is not the only habeas corpus case on either the Magistrate Judge's docket or the Court's. The Court is not prepared to make a summary conclusion that Petitioner's right to relief is clear without thorough consideration of the record.

Petitioner also argues there are extraordinary circumstances justifying relief:

> Two of Petitioner's children continue to suffer financially, in addition to the emotional pain suffered by all of his children by not having daily contact with their father. If this matter proceeds to a hearing Petitioner can supply ample evidence of the extent of the harm caused to Petitioner's children by Petitioner's continued imprisonment. Such catastrophic matters should not be set forth in a public record as the motion or this reply. What Petitioner can say is that if a future overdose results in the death of any one of Petitioner's children, that casualty will rest on the "justice system" in this state.

(Objections, ECF No. 91, PageID 14291). The consequences for children of a parent's imprisonment may indeed be tragic, but they are not extraordinary. Probably most men imprisoned in this country have children whom they cannot support, either financially or emotionally, while they are incarcerated. But if having children who are financially or emotionally dependent were a

basis for bail in habeas cases, bail would be granted in most habeas cases rather than in the few cases envisioned by precedent.

In denying bail, the Magistrate Judge catalogued a number of *ad hominem* attacks on the Respondent's counsel and on the Court which occurred in Petitioner's Reply Memorandum on the bail motion (Decision, ECF No. 90, PageID 14277). He then cautioned Petitioner, who is a member of the Bar of this Court, that "such attacks are a violation of the Court's Statement of Civility in the Local Rules and Petitioner is strongly advised to stop." *Id.*.

In his Objections, Petitioner purports to apologize "for any unintended expression of anger or rage." (ECF No. 91, PageID 14280). Despite the purported apology, Petitioner proceeds to write:

> In fairness to the magistrate, Petitioner concedes that he has no faith that this magistrate will fairly and impartially preside over this case and admittedly believes that this magistrate will employ whatever methods are necessary to craft a decision to deny Petitioner relief notwithstanding the law requiring relief.

(Objections, ECF No. 91, PageID 14282). Later he claims the Magistrate Judge insulted him in "typical condescending fashion." *Id.* at PageID 14285. Then again he accuses the Magistrate Judge of wishing "to publicly degrade Petitioner." *Id.* at PageID 14287. Petitioner's Objections consist of appropriate, albeit unpersuasive, disagreements with the Magistrate Judge's analysis in denying bail. But the quoted *ad hominem* attacks go well beyond the appropriate, violate the Court's Statement of Civility, and undermine Petitioner's claim that his apology is genuine. Members of the Bar of this Court cannot make *ad hominem* attacks on judicial officers and opposing counsel and then claim they are "unintended.". The Court adopts the Magistrate Judge's advice to Petitioner to stop this behavior.

**IT IS SO ORDERED.**

**DATED: November 17, 2021**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**