# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JAVIER H. ARMENGAU,

                Petitioner,            :    Case No. 2:19-cv-1146

   - vs -                            Chief Judge Algenon L. Marbley
                                     Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                               :
                Respondent.

---

## DECISION AND ORDER

---

This habeas corpus case is before the Court on Petitioner's Motion to Supplement Exhibits (ECF No. 108) and Notice of Supplemental Authority (ECF No. 109).

**Supplemental Authority**

Petitioner's Notice of Supplemental Authority is intended to cite additional authority in support of the position taken by Petitioner in his pending Objections (ECF No. 103) to the Magistrate Judge's Report and Recommendations on the merits of this case (ECF No. 97). Petitioner filed his Objections within the time allowed by Fed.R.Civ.P. 72 as extended by the Court (See Notation Order ECF No. 99). However, the Rules of Civil Procedure do not permit an objecting litigant to supplement objections after the filing deadline. Accordingly, without comment on the substance of the supplemental authority, Petitioner's Notice of Supplemental

Authority is STRICKEN without prejudice to a motion to allow the filing of supplemental authority.

**Supplemental Exhibit**

Petitioner seeks to supplement his exhibits by adding the indictment from *State v. Joshua Beall*, Montgomery County Case No. 2018 CR 2084/01, appellate decision reported at *State v. Beall*, 2021-Ohio-1326 (Ohio App. 2nd Dist. Apr. 16, 2021), appellate jurisdiction declined, 164 Ohio St.3d 1447 (2021).  Petitioner has labeled the proffered indictment as Exhibit X and it is attached at ECF No. 108, PageID 15376-84.

As Petitioner acknowledges, the Magistrate Judge has previously excluded proffered exhibits of the same type (See ECF Nos. 64, 71).  Petitioner has objected to this exclusion and his objections on this point are pending before the Chief Judge (ECF No. 78).

The exhibits previously in issue are Exhibits G through W.  The Magistrate Judge found Exhibit G was part of a decision of the Erie County Court of Common Pleas reported at *State v. Schee,* 2015 Ohio Misc. LEXIS 2033 (June 4, 2005).  Because consideration of the decisions of judges are not precluded by *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Magistrate Judge agreed he would consider the import of *Schee* if it were cited by Petitioner's Amended Traverse (ECF No. 71, PageID 7669).

The remaining proffered exhibits were of the same type as Exhibit X:  portions of indictments in cases other than this one. *Id.* It was undisputed that Exhibits G-W had not been introduced in evidence or otherwise made a part of the record in the Ohio courts in this case.  The Magistrate Judge held they must be excluded under *Pinholster* because that case limits habeas courts to considering the record that was before the state courts when they decided the case.  *Id.* at

PageID 7673-74.

Armengau uses his memorandum in support of admitting Exhibit X to reprise his argument on the merits about what must be proved in an indicted criminal case, principally relying on *Knight v. State,* 54 Ohio St. 365 (1896), and *State v. Hampton,* 134 Ohio St.3d 447 (2012).   His argument is the same as he previously made for admission of other indictments, that is, the exhibits show how indictments should be framed and therefore what must be proved.  So, for example, he says "Exhibit X confirms what is required under the Ohio Supreme Court's holding in" *Knight* and *Hampton* (ECF No. 108, PageID 15371).  It does nothing of the sort.  No Ohio trial or appellate court has reviewed Exhibit X to "confirm" that it does what is required by *Knight* and *Hampton*. The Second District's opinion in Beall does not discuss the appropriateness of the indictment; it rules on a sufficiency of the evidence argument completely dissimilar to the one raised by Armengau.

At another point Petitioner argues "Exhibit X, as Exhibits K-P and S-W, is relevant because the exhibits in question **visually demonstrate** what the Ohio Supreme Court requires, as the final arbiter, as to what is required for a criminal conviction under state law." *Id.* at PageID 15372 (emphasis supplied).  However, it is the Petitioner who draws the inference about what these exhibits demonstrate.  Again, no reviewing court has said the indictments are sufficient to allow conviction upon the evidence adduced at the trial in those cases, if the cases were tried at all.

Later, Petitioner asserts "the exhibits, even if limited to rebutting the R & R offer and represent the actual clarity within the holding in *Hampton* and *Knight, supra*. and what is required for conviction and subject to *Jackson/Jenks* analysis." *Id.* They do nothing of the sort.  They tell this Court nothing about what evidence was offered in the trials of these cases, or whether any convictions were upheld against a claim such as Armengau makes.

Indictments from other Ohio cases are probative only if some Ohio court has compared the evidence offered with the indictment and found the proof adequate or inadequate on the basis that Petitioner argues here.  Piling up examples of indictments that Petitioner believes are adequate does not advance the analysis.  And since it is Petitioner who is making the inference from the proffered exhibits to the conclusion that they support his case, the indictments are evidence outside the record considered by the Ohio courts and therefore precluded by *Pinholster*.

Petitioner argues he "does not believe that *Pinholster* extends to exhibits that are offered and presented to rebut or challenge a determination within an R & R."  (ECF No. 108, PageID 15373).  However, he offers neither logical argument nor case authority to support this position. The Sixth Circuit has held even evidence stipulated to by both parties at an evidentiary heqring is precluded from consideration by *Pinholster*.  *Moore v. Mitchell*, 708 F.3d 760, 780-784 (6th Cir. 2013).

The fundamental flaw in Petitioner's logic is equating examples of pleadings with citations of case authority.  Petitioner's proffered exhibits are nothing more than examples of what some prosecuting attorney thought was necessary.  With Petitioner's exhibits the Court is not told anything about what thought process the prosecutor relied on or whether any court ever reviewed its sufficiency or the sufficiency of the evidence offered to prove what the indictment charges.

To the extent Petitioner has examples of judicial decisions that support his argument, *Pinholster* is no bar to their consideration, whether or not they were cited to the Ohio courts. *Pinholster* has never been held to preclude a federal habeas court from considering case law which may not have been presented to the state courts.  But exhibits which were not before the state courts are barred.

Petitioner's Motion to Add Exhibit X to the record is DENIED.


December 30, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
