# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JAVIER H. ARMENGAU,

        Petitioner,    :    Case No. 2:19-cv-1146

- vs -                        Chief Judge Algenon L. Marbley
                                    Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                                  :

        Respondent.

## SUPPLEMENTAL MEMORANDUM OPINION

This habeas corpus case is before the Court on Petitioner's Objection (ECF No. 78) to the Magistrate Judge's Substituted Decision and Order Regarding Exhibits (ECF No. 71) and Petitioner's Objections (ECF No. 111) to the Magistrate Judge's Decision and Order Denying Admission of Petitioner's Exhibit X (ECF No. 110).  Chief Judge Marbley has recommitted these matters for reconsideration by the Magistrate Judge in light of the Objections (ECF No. 114).  The pleadings at ECF No. 111 and ECF No. 112 also contain argument about the propriety of a litigant's filing, without prior court permission, supplemental authority in support of objections after the time provided for objections in Fed.R.Civ.P. 72 has expired.  These two issues are dealt with separately below.

1

**Admission of Exhibits**

In the decisions objected to, the undersigned excluded from the record to be considered in this case Petitioner's tendered exhibits K, L, M, N, O , P, S, T, U, V, W, and X, finding that each of them was all or a portion of an indictment in an unrelated case which had not been presented to the Ohio courts during the course Petitioner's arguments in this case (Decision, ECF No. 71, PageID 7679; Decision, ECF No. 110).  The Magistrate Judge held this conclusion was compelled by *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Petitioner presents these exhibits to show how properly constructed indictments, in his opinion, contrast with the Indictment in his case. (Objections, ECF No. 78, PageID 14155).  The exhibits are tendered without any accompanying analysis from a court as to why they are proper on the comparative point for which Petitioner offers them.  Petitioner himself has argued that point to this Court, but never presented these exhibits with that argument to the Ohio courts.  Thus the exhibits are clearly outside the State Court Record.

Petitioner argues the exhibits are not "substantive evidence" and compares them to citations of case law.  He also admits he is "not asking this Court to consider the exhibits as binding law." (ECF No. 78, PageID 14156).  The Magistrate Judge recognized that citations of case law fall outside the parameters of *Pinholster* and can be considered by a habeas court regardless of whether they were presented to the state courts (Decision, ECF No. 71, PageID 7669, agreeing to consider the decision in *State v. Schee,* 2015 Ohio Misc. LEXIS 2033 (June 4, 2005)).  But bare copies of indictments, unaccompanied by any judicial analysis, are not case authority.  They are also not the particular kind of evidence that was tendered and excluded in *Pinholster*, but the holding in that case was not limited to its facts by the Supreme Court.

Petitioner notes Magistrate Judge Merz raised the *Pinholster* objection *sua sponte*[1]. Because this case was previously referred to Magistrate Judge Elizabeth Preston Deavers who did not raise this objection, Petitioner infers that she considered the question and decided it in favor of allowing these exhibits. He writes:

> Petitioner believes that Magistrate Elizabeth Deavers was also aware of and fully understands what is required and what is not required under *Pinholster* and she certainly took no issue with Petitioner's exhibits; at least no issue was raised. Arguably, Magistrate Deavers understood the purpose of the exhibits and determined that *Pinholster* is not applicable. The magistrate states that "Petitioner, who is a trained attorney, has presented no case authority to show that the Magistrate Judge has misinterpreted *Pinholster* at all." (Doc. 71, PageID 7675). Petitioner hasn't found any authority to show that Magistrate Deavers misinterpreted *Pinholster* either. In fact, Petitioner has found no case on point dealing with exhibits, such as those at issue here, in light of *Pinholster*.

(Objections, ECF No. 78, PageID 14156-57). Petitioner draws these inferences from an entirely silent record; Judge Deavers said nothing on the subject. The Court should not infer she has an opinion on *Pinholster's* application here from a silent record. On the other hand, the undersigned is particularly sensitive to *Pinholster* issues because he was reversed in *Moore v. Mitchell*, 708 F.3d 760 (6th Cir. 2013), for considering extra-record evidence even though the parties had stipulated to its consideration.

Petitioner then argues at length the merits of his claim about proof of where each alleged crime occurred and what he perceives to be Respondent's position that his claim is about venue of the trial (ECF No. 78, PageID 14157-64). For example, he argues "the purpose of the exhibits is to illustrate for this court the comparative difference between the issue before the Court and what

---

[1] Petitioner refers to Magistrate Judge Merz as "this specially assigned magistrate . . ." (Objections, ECF No. 78, PageID 14156). The undersigned is serving the Court on recall and his assignments are limited to death penalty and habeas corpus cases. He assists with cases filed at the Cincinnati and Columbus locations of Court, but only on request of the transferring Magistrate Judge. That is what happened in this case.

3

Respondent attempts to establish." *Id.* at PageID 14161. And again

> [T]he exhibits simply illustrate for this Court the difference between what Petitioner raises and what Respondent continues to discuss. An indictment can be legally sufficient in terms of what is required to establish whether a trial is properly held in a certain court, while at the same time being insufficient with respect to what is required for a criminal conviction.

*Id.* at PageID 14163-64.

Just as Petitioner complains that Respondent's arguments do not speak to the claim he has actually made, the Objections do not speak to the two points made in the Magistrate Judge's decisions.

First of all, a naked indictment is by itself just a pleading. Whether it is legally sufficient as a pleading and whether evidence submitted to prove the indictment is legally sufficient cannot be shown at all merely by presenting the indictment. An indictment plus judicial analysis of the indictment on its face or the indictment compared with the evidence could be legally persuasive, but a naked indictment proves nothing. Petitioner argues that the indictments he presents as exhibits are proper, but he presents no judicial opinion that they are proper, only his own assertion.

Second, Petitioner presents no authority for admission of exhibits such as these which were not submitted to the state courts that would take these exhibits outside the rule in *Pinholster*. If they are not law, as Petitioner concedes, but indeed "exhibits" as he labels them, then they are prima facie proof of facts – the content of unanalyzed indictments – which must be excluded under *Pinholster*. In his Objections related to Exhibit X (ECF No. 111), Armengau presents no authority for admitting such exhibits despite *Pinholster* and instead suggests that the absence of authority shows this is a non-issue. *Id.* at PageID 15398. Accepting that proposition would turn the burden of proof on admission of evidence or expanding the record on its head. On the contrary, the burden of proving admissibility rests on the proponent.

**Submission of Supplemental Authority**

On December 30, 2021, the Magistrate Judge struck Petitioner's Notice of Supplemental Authority (ECF No. 110, striking ECF No. 109). Petitioner objects (ECF No. 111) and argues the same question in his Motion to Supplement Authority (ECF No. 112). By separate notation order the Magistrate Judge has granted the latter Motion (ECF No. 115). The following section addresses the substantive arguments Petitioner makes in both filings.

In the Notice of Supplemental Authority, Petitioner argued the applicability of *State v. Martin,* 2021 Ohio App. LEXIS 4453 (1st Dis. Dec. 22, 2021), to his case. The Magistrate Judge's Order read the Notice as being of additional authority in support of Petitioner's Objections to the Report and Recommendations on the merits (ECF No. 97).

The Merits R&R was filed November 3, 2021. As a *pro se* litigant served with the R&R by mail, Petitioner had seventeen days to file objections (Fed.R.Civ.P. 72(b) plus Fed.R.Civ.P. 6(d)). That made objections due by November 21, 2021. On Petitioner's Motion, the Magistrate Judge extended that time to December 2, 2021 (ECF Nos. 98, 99). Petitioner actually filed Objections on November 28, 2021 (ECF No. 103). On December 2, 2021, Petitioner moved to supplement his Objections (ECF No. 106). The Magistrate Judge granted that Motion because it was made within the time allowed for objections as it had been extended (ECF No. 107). Petitioner then filed his Notice of Supplemental Authority on December 29, 2021, twenty-seven days after the objections period expired. Petitioner neither sought nor obtained leave to file the supplemental authority.

The basis for striking Petitioner's Notice was that the "Rules of Civil Procedure do not permit an objecting litigant to supplement objections after the filing deadline." (ECF No. 110,

5

PageID 15388).  The filing was stricken without prejudice to its re-filing if Petitioner sought and received court permission to file it.  *Id.* at PageID 15389.

In his first set of Objections, Petitioner asserts his belief that "he has an obligation to provide the Court with recent authority relevant to the issues and litigation that arises after submission of pleadings and arguments." (ECF No. 111, PageID 15394).  He adds that the Supplemental Authority is not only in support of his Objections, but also in support of his Amended Petition and Traverse. *Id.* If there is such an obligation -- and Petitioner cites no authority for it -- that obligation does not extend deadlines set by the Federal Rules of Civil Procedure or by court order.  Under Petitioner's theory, any time during the course of a case when a litigant comes upon case authority he believes is relevant, he is free, nay bound, to file it without seeking or obtaining leave of court.

Deadlines for briefing positions are ubiquitous in American courts.  If Petitioner's position on supplemental authority were adopted, it would make a hash of any such deadlines.  The docket reflects that the Magistrate Judge has repeatedly granted Petitioner leave to file supplemental authority when it has been requested (See, e.g., ECF Nos. 69, 94, 96, 102, 107, 115).  But the Court must maintain some control over a litigant's filings.  Therefore Petitioner's Objections to the striking of his Notice of Supplemental Authority should be overruled.

January 24, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
