IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JAVIER H. ARMENGAU,

        Petitioner,      :      Case No. 2:19-cv-1146

  - vs -                         Chief Judge Algenon L. Marbley
                              Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                            :
        Respondent.

## ORDER ALLOWING AND ANALYZING SUPPLEMENTAL AUTHORITY

This habeas corpus case is before the Court on Petitioner's Motion for Permission to Submit Additional Authority (ECF No. 119).  Permission is GRANTED and the Court proceeds to analyze the additional authority.

Petitioner calls the Court's attention to *United States v. Johnson*, 2022 U.S. App. LEXIS 2746 (6th Cir. Jan. 31, 2022). In the portion of the opinion to which our attention is drawn, the Sixth Circuit approved a jury instruction about other bad acts testimony which limits the jury's consideration of that testimony to its effect in rebutting the defendant's testimony that he had never strangled a woman or held a woman against her will

> In a pretrial order, the district court allowed the government to introduce the testimony of Johnson's prior partners "to establish intent and lack of accident if Defendant testifies and admits to committing the acts, or committing them in part, but denies that he intended to imprison or choke C.J." The district court, however, concluded that the government may not use the testimony to

1

corroborate C.J.'s allegations because that would go to Johnson's propensity to commit the crime. Thus, the district court denied Johnson's motion to exclude the evidence and allowed the former partners to testify only to the limited bad acts that related in timing and circumstances to the one with C.J.

At trial, Johnson opened the door for this testimony to be used for impeachment purposes by stating "I've never . . . restrained a woman, kept them against their will. I've never choked a woman." R. 102, Page ID #1064. Under Rule 404(a)(2)(A), "a defendant may offer evidence of the defendant's pertinent [character] trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." The government was then able to offer testimony from his former partners where one stated that she was held against her will and the other stated that she was choked. His former girlfriend testified that Johnson "strangled [her] and he barricaded [her] in [her] bedroom" for hours with "all the furniture up against the door." Id. at 1152. She also testified that Johnson "held [her] hostage in an abandoned home" and "forced [her] into a vehicle as he placed his hand on a hammer hatchet." Id. at 1153. Next, his former spouse testified that Johnson put his hands around her neck and headbutted her with full force. Id. at 1146.

Furthermore, the district court provided the jury with limiting instructions, stating that the testimony could be considered only as a rebuttal to Johnson's claim that he has never engaged in similar acts before. In a criminal case, if the defendant decides to offer evidence of a "pertinent trait" "the prosecutor may offer evidence to rebut it[.]" Fed. R. Evid. 404(a)(2)(A). That is what took place here. By testifying that he had never restrained a woman, Johnson himself opened the door to a pertinent trait that he would never do a certain act.

Johnson's former partners' testimony was offered as impeachment evidence, rather than as evidence of his intent or lack of mistake. Johnson gave testimony that he had never choked or restrained a woman, and the witnesses' testimony was offered to rebut that statement. Even if the district court erred by permitting the government to introduce the two witnesses' testimony, any error was harmless. The government presented other testimony, as well as screenshots where he explicitly admitted to choking and hitting C.J. We cannot conclude that the verdict was "substantially swayed by [any] error," United States v. Hardy, 643 F.3d 143, 153 (6th Cir. 2011), and hold that the district court did not abuse its discretion in admitting the former partner testimony.

*Id.* at *33-36.  Thus whatever the government's initial theory for this evidence, it eventually offered it for the classic purpose of directly rebutting defendant's own testimony.  The case is in no way about convicting a defendant through the use of propensity evidence.

February 15, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
